UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHILIP ZWERLING,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>　　　　　Defendants. | Case No.　5:19-cv-03622-EJD<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR POST-DEADLINE EXTENSION**<br><br>Re: Dkt. No. 52 |

**I.　BACKGROUND**

Plaintiff Philip Zwerling filed this product liability action before the Superior Court for the County of Santa Clara on May 6, 2019. Dkt. No. 1-2. Before the Court is Zwerling's request pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) to extend its September 10, 2021 deadline to file an opposition brief to Defendants Ford Motor Company and Keller Ford Lincoln's (collectively, "Ford") Rule 12(c) motion to dismiss. Plf.'s Ex Parte Appl. Requesting a Post-Deadline Filing Extension Pursuant to Rule 6(b)(1)(B) or in the Alternative Leave to Amend Plf.'s Compl. ("Appl."), Dkt. No. 52. The parties did not request a hearing, and the Court finds the matter suitable for disposition without oral argument under Civil Local Rule 7-1(b). Having considered the parties' moving papers, the Court GRANTS Zwerling's request for a post-deadline extension.

This case concerns an alleged engine defect in Zwerling's vehicle, and he asserts claims for fraud by omission and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. Dkt. No. 39. On June 21, 2019, Defendants removed this action to district court. Dkt. No.1.

Case No.: 5:19-cv-03622-EJD
ORDER DENYING EX PARTE APPL. FOR POST-DEADLINE EXT.
1

On August 27, 2021, Ford moved to dismiss this action pursuant to Rule 12(c).  Dkt. No. 42. Under Civil Local Rule 7-3(a), Zwerling's opposition brief was due on September 10, 2021; however, he did not file an opposition brief.  Ford filed a reply brief on September 15, 2021.  Dkt. No. 46.

On October 7, 2021, Zwerling filed a request to extend his September 10, 2021 opposition deadline pursuant to Rule 6(b)(1)(B), arguing that his counsel failed to act due to "excusable neglect."  Appl.  According to Zwerling, Tionna Dolin initially served as the primary attorney for this matter, and in April 2021, she passed it on to Gregory Sogoyan, who became responsible for all deadlines thereafter.  *Id.* at 5; Decl. of Tionna Dolin in Supp. of Plf.'s Ex Parte Appl. ("Dolin Decl."), Dkt. No. 55 ¶ 3; Decl. of Gregory Sogoyan in Supp. of Plf.'s Ex Parte Appl. ("Sogoyan Decl."), Dkt. No. 52-1 ¶¶ 3-4.  According to Sogoyan, he inadvertently failed to enter a notice of appearance in this action and therefore did not receive any ECF notices concerning Ford's motion to dismiss.  Sogoyan Decl. ¶ 5.  He asserts that he had repeatedly met and conferred with Ford's counsel concerning discovery and case scheduling issues, but that Ford never mentioned its motion.  *Id.* ¶¶ 6-7.

In opposing Zwerling's motion for an extension, Ford submitted evidence demonstrating that Sogoyan received emails from Ford's counsel seeking his availability for a hearing on the motion to dismiss.  Dkt. Nos. 57-3, 57-4.  Sogoyan responded to at least one of these emails but did not address the motion to dismiss.  Dkt. No. 57-5.  Ford also sent Zwerling a letter concerning discovery matters that made a passing reference to the motion to dismiss.  Dkt. No. 57-7 at 2.

In lieu of a reply brief, Zwerling's counsel submitted supplemental declarations.  Dkt. Nos. 58, 59.  Dolin's supplemental declaration asserts that plaintiff's counsel's firm switched to a new calendaring software program and that Sogoyan had not begun to use it when Ford filed its motion to dismiss in September.  Suppl. Decl. of Tionna Dolin in Supp. of Plf.'s Ex Parte Appl. ("Suppl. Dolin Decl."), Dkt. No. 58 ¶ 5.  Sogoyan's supplemental declaration does not address the calendaring software program at all.  He acknowledges that Ford did, in fact, mention its motion to dismiss in its correspondence.  Suppl. Decl. of Gregory Sogoyan in Supp. of Plf.'s Ex Parte Appl.

("Suppl. Sogoyan Decl."), Dkt. No. 59 ¶ 3.  He distinguishes between his knowledge that Ford *intended* to file a Motion to Dismiss" and his knowledge that Ford actually "*filed* a Motion to Dismiss." *Id.* ¶¶ 4, 15 (emphasis original).  Sogoyan states that he was not actually aware that Ford had filed is motion until October 5, 2021, when he was out of office on vacation. *Id.* ¶ 4.

On October 12, 2021, Zwerling filed his proposed opposition brief—32 days late.  Dkt. No. 60-1.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 6(b) permits a court to grant an extension of time, after a deadline has expired, for good cause and "based on a showing of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  The Ninth Circuit has held that the Supreme Court's analysis of excusable neglect in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993) applies to this context.  *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).  Courts analyzing excusable neglect employ an equitable analysis examining the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Id.* (quoting *Pioneer*, 507 U.S. at 394); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010)

A district court abuses its discretion when it fails to apply the four-factor *Pioneer* equitable balancing test to cases in which the test is appropriate.  *Ahanchian*, 624 F.3d at 1262.  Courts engaged in balancing the *Pioneer* factors may not simply apply a per se rule, because such rules are inconsistent with the Supreme Court's holding in *Pioneer* on the issue of excusable neglect. *Id.* (citing *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004)).

Rule 6(b), "like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Id.* at 1258–59 (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)).

## III.  DISCUSSION

The Court proceeds with the *Pioneer* four-factor analysis.

Case No.: 5:19-cv-03622-EJD
ORDER DENYING EX PARTE APPL. FOR POST-DEADLINE EXT.
3

### A. Prejudice to Ford and Length of Delay

Ford asserts that permitting Zwerling to file a late opposition would cause prejudice to it only in the form of delay. Def. Ford Motor Co.'s Resp. to Plf.'s Ex Parte Appl. ("Opp'n"), Dkt. No. 57 at 6–7. Ford does not claim any other kind of prejudice. Opening expert reports are due on December 7, 2021, and fact discovery closes on February 4, 2022. Dkt. No. 45. Ford asserts that because the pleadings are not settled, it does not know what claims it must address through discovery. Opp'n at 7.

The Court finds this argument uncompelling. As Zwerling points out, Ford's motion is not scheduled for oral argument until January 20, 2022, and no trial date has been set. Dkt. Nos. 42, 45. Ford's purported prejudice is, to a certain extent, of its own making: the pleadings are not settled because Ford waited over three months to challenge the operative complaint, and Ford's pursuit of discovery on Zwerling's two claims is in Ford's hands.[1] If the parties require more time to complete discovery, they may seek relief from the Court, as they have done previously. *See* Dkt. No. 45 (granting parties' stipulated request to continue case deadlines, including fact and expert discovery).

This case appears to have been plagued by numerous delays, including a nearly seven-month delay between the Court's order granting leave to file the First Amended Complaint on October 29, 2020 and Zwerling's filing of the First Amended Complaint on May 18, 2021.[2] *Compare* Dkt. No. 38 *with* Dkt. No. 39. To the extent this action's two-year lifespan (with little progress to show for it) can be attributed to the COVID-19 pandemic, the Court notes that any

---

[1] The parties spend much of their submissions blaming each other for the lack of progress and cooperation with respect to conducting discovery. The Court finds such ancillary finger-pointing unhelpful and unpersuasive in resolving this motion. If the parties cannot reach agreement on discovery disputes, they should avail themselves of the assistance of the discovery referral magistrate judge assigned to this action, Magistrate Judge Susan van Keulen. Dkt. No. 36 at 1.

[2] Plaintiff's counsel filed a declaration with the First Amended Complaint suggesting that the Court is responsible for this lengthy delay. Dkt. No. 40 ¶ 4 ("Based on the lack of any deadline for Plaintiff to file the First Amended Complaint and reference to the exhibit, I understood the order to deem the First Amended Complaint as filed."). The Court observes that it granted the parties' stipulated request for leave to file the First Amended Complaint using the proposed order the parties provided.

shelter-in-place orders or restrictions have long since expired, and that it expects the parties and their counsel to adapt as necessary to fulfill their obligations under Federal Rule of Civil Procedure 1 "to secure the just, speedy, and inexpensive determination of every action and proceeding." *See also* Dkt. No. 45 at 2 ("The Court expects the parties to use all technological tools available to them, including video conference technology, to complete all necessary depositions.").

Accordingly, these two factors favor granting the extension.

### B. Reason for Delay

The only reason Zwerling offers for his failure to timely file an opposition brief is that Sogoyan inadvertently neglected to enter a formal notice of appearance on the ECF docket and therefore did not receive an ECF notice when Ford filed its motion to dismiss. Sogoyan provides no explanation or context for his failure to enter a notice of appearance. Dolin appears to suggest that counsel's switch to new calendaring software program might have played a role in Sogoyan's lapse, but Sogoyan does not mention this software in either of his declarations. Suppl. Dolin Decl. ¶ 5; *but see* Sogoyan Decl.; Sogoyan Suppl. Decl. This situation is thus not akin to a calendaring error that the Ninth Circuit has deemed excusable. *See, e.g.*, *Achanian*, 624 F.3d at 1262 (citing *Pincay*, 389 F.3d at 860). Nor does it appear that there were any external factors outside of counsel's control that influenced Sogoyan's failure to act, rendering this case distinguishable from those in which the Ninth Circuit found excusable neglect. *See, e.g.*, *id.* at 1259–60 (shortened response time due to federal holiday weekend, unusual local rule, and defendants' litigation tactics, and a preplanned out-of-state absence); *Bateman*, 231 F.3d at 1222–23 (counsel out of the country due to family emergency).

Based on the evidence before the Court, the fault lies squarely on Sogoyan's shoulders. His failure to file a notice of appearance for a case on which he is the responsible attorney[3]—and,

---

[3] Dolin's declaration asserts that she transferred responsibility for this case to Sogoyan in April 2021 and that she understood Sogoyan to be handling all subsequent deadlines. Dolin Decl. ¶ 3. Neither Dolin or Sogoyan explain why, if Sogoyan was the sole responsible attorney, Dolin filed the First Amended Complaint and an accompanying declaration in May 2021. *See* Dkt. Nos. 39,

Case No.: 5:19-cv-03622-EJD
ORDER DENYING EX PARTE APPL. FOR POST-DEADLINE EXT.
5

apparently, not reviewing the docket after he assumed that responsibility—is a negligent act that suggests dereliction of his duties of competence and diligence to his client. This factor favors denying an extension.

### C. Good Faith

The test for good faith under Rule 6(b) is "whether the failure to file in a timely fashion was 'in bad faith or [in an attempt] to obtain any advantage.'" *Heath v. Google Inc.*, No. 15-cv-01824-BLF, 2016 WL 4729300, at *4 (N.D. Cal. Sept. 12, 2016) (quoting *Herbert v. State Farm Mut. Auto. Ins. Co.*, No. C 06-05532 SBA, 2009 WL 88352, at *2 (N.D. Cal. Jan. 13, 2009)); *see also Pincay*, 389 F.3d at 861 (Berzon, J., concurring) ("The good faith consideration goes to the absence of tactical or strategic motives, not to the degree of negligence. . . . [G]iven the lack of prejudice or delay and the absence of any evidence of ulterior motives, defendants need not have offered a terribly good countervailing reason to make their neglect excusable.") (internal quotation marks, citation, and emphasis omitted).

Neither party directly addresses Zwerling's or his counsel's good faith (or lack thereof) in their papers. There is no evidence before the Court of, for example, a pattern of culpable conduct such as disregarding court orders. *Cf. Huang v. Ge*, No. 19-CV-02132-LHK, 2020 WL 7428618, at *7 (N.D. Cal. Dec. 18, 2020). Although the Court finds the inconsistencies between Sogoyan's sworn declaration and the email evidence concerning, the Court is hard-pressed to find any advantage in failing to file an opposition to a potentially case-dispositive motion. Like the negligent counsel in *Bateman*, Sogoyan "showed a lack of regard for his client's interests and the court's docket. But there is no evidence that he acted with anything less than good faith. His errors resulted from negligence and carelessness, not from deviousness or willfulness." 231 F.3d at 1225. Accordingly, the factor weighs in favor of granting an extension.

In sum, three out of the four *Pioneer* factors favor granting Zwerling's requested extension.

---

40.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Zwerling's motion for a post-deadline extension. Zwerling shall promptly re-file his opposition brief separately on the docket. Ford's reply brief is due within 7 days of the date Zwerling re-files his opposition.

In the future, the parties must ensure that their briefing complies with the page limits set forth in the Civil Local Rules. Future non-compliant submissions may be stricken and disregarded.

**IT IS SO ORDERED.**

Dated: October 18, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-03622-EJD
ORDER DENYING EX PARTE APPL. FOR POST-DEADLINE EXT.
7