1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| PHILIP ZWERLING,<br><br>                Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>              Defendants. | Case No.   5:19-cv-03622-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 106 |

Plaintiff Philip Zwerling asserts claims against Defendants Ford Motor Company ("Ford") and Does 1-10 for (1) breach of express warranty, (2) fraud by omission, (3) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. ("MMWA"), and (4) violation of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 et seq. ("DTPA").  Second Am. Compl. ("SAC"), ECF No. 100.  The Court previously dismissed Zwerling's complaint with leave to amend.  *See* Order Granting Mot. for Judgment on the Pleadings ("Prior Order"), ECF No. 97.  Zwerling then filed his SAC.  Now before the Court is Ford's motion to dismiss the SAC for failure to state a claim under Rule 12(b)(6).  Mot. to Dismiss ("Mot."), ECF No. 106.  The Court finds the motion appropriate for decision without oral argument.  Civil L.R. 7-1(b).  Having considered the parties' submissions, the Court GRANTS the motion to dismiss.

I.       **BACKGROUND**

Ford is a motor vehicle manufacturer organized under Delaware law, and Zwerling is a California resident.  SAC ¶¶ 2, 4.  On October 26, 2013, Zwerling purchased an F-350 Super Duty SRW diesel-engine vehicle manufactured by Ford.  *Id.* ¶¶ 5-6.  Allegedly, the vehicle contained

United States District Court<br>Northern District of California

one or more defects in its diesel engine or exhaust system (the "Exhaust System Defect"). *Id.*

¶ 17.  The Exhaust System Defect purportedly caused the vehicle's exhaust system to clog and led

to reduced engine performance or loss of engine power. *Id.*  Before Zwerling purchased his

vehicle, he reviewed marketing and promotional materials from Ford, which failed to disclose the

Exhaust System Defect. *Id.* ¶¶ 7, 79, 103.  According to him, he would not have purchased his

F-350 if Ford had disclosed the Exhaust System Defect. *Id.*

As a consequence of the alleged defect, Zwerling's vehicle has had a long repair history.

The Prior Order contains a detailed summary of that repair history, and the Court will not repeat it

in full here because the allegations regarding that history have largely not changed. *See* Prior

Order at 2-3.  The SAC includes only a single new allegation about repairs, describing an October

17, 2018 service appointment where a Ford technician evaluated the vehicle's regeneration

function—a feature that burns off soot from the exhaust filter so that it does not become plugged.

SAC ¶¶ 15, 40.  Otherwise, the primary additions to the history of Zwerling's vehicle are

allegations regarding occasions when he brought his vehicle to a repair facility for routine

maintenance. *Id.* ¶¶ 29, 31-34, 36.  In total, he now describes six new instances of routine

maintenance between April 24, 2014 and July 25, 2018, each of which involved refilling diesel

exhaust fluid and resulted in charges ranging from $25 to $430. *Id.*

Following that lengthy sequence of repairs, on January 30, 2019, Zwerling contacted Ford

to request that it buy back his vehicle under its lemon law obligations. *Id.* ¶ 42.  When Ford

refused, he then reached out to Ford's BBB Autoline program in April 2019, but that program

declined to assist Zwerling as well, citing the vehicle's age. *Id.* ¶ 43.

Shortly thereafter, on May 6, 2019, Zwerling filed this action in the Superior Court for the

County of Santa Clara.  Compl., ECF No. 1-2.  On June 21, 2019, Ford removed the action to this

Court.  Notice of Removal, ECF No. 1.  The parties stipulated to amendment, and on May 18,

2021, Zwerling filed his First Amended Complaint ("FAC"), ECF No. 39.  Among other

amendments, Zwerling added a new claim for violation of the MMWA. *Compare* FAC, *with*

Compl.  After answering, Ford moved for judgment on the pleadings, and on March 14, 2022, the

United States District Court
Northern District of California

1  Court granted its motion with leave to amend.  Answer to FAC, ECF No. 41; Mot. to Dismiss

2  FAC,[1] ECF No. 42; Prior Order.  Zwerling filed the operative SAC on April 4, 2022,[2] adding new

3  claims for breach of express warranty and violation of the DTPA.  *Compare* SAC, *with* FAC.  The

4  instant motion to dismiss followed on April 19, 2022.  *See* Mot.

5      In his SAC, Zwerling raises claims for breach of express warranty, fraud by omission,

6  violation of the MMWA, and violation of the DTPA.  SAC ¶¶ 45-115.  These claims fall under

7  three general categories.  First, his fraud by omission and DTPA claims relate to alleged omissions

8  and misrepresentations by Ford that purportedly misled Zwerling about the defects present in his

9  vehicle.  Second, his express warranty and MMWA claim relate to breach of a repair warranty in

10  which Ford refused to pay for repairs.  And third, his MMWA claim also relates to breach of the

11  implied warranty of merchantability stemming from the presence of defects in his vehicle.

12  **II.      LEGAL STANDARD**

13      A motion to dismiss for failure to state a claim "tests the legal sufficiency of a claim."

14  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To survive a motion to dismiss, a

15  complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

16  plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

17  *Twombly*, 550 U.S. 544, 570 (2007)).  "Factual allegations must be enough to raise a right to relief

18  above the speculative level," *Twombly*, 550 U.S. at 555, but courts are not required to accept

19  conclusory allegations as true.  *Ashcroft*, 556 U.S. at 678.

20      Claims sounding in fraud must also meet the heightened pleading requirements of Federal

21  Rule of Civil Procedure 9(b).  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-03 (9th

22  Cir. 2003); *San Miguel v. HP Inc.*, 317 F. Supp. 3d 1075, 1084 (N.D. Cal. 2018).  Under Rule

23  9(b), a party "must state with particularity the circumstances constituting fraud."  Typically, Rule

---

[1] Although Ford styled its motion as a "Motion to Dismiss," procedurally it functioned as a motion for judgment on the pleadings.

[2] The SAC was filed on April 5, 2022 due to technical issues with ECF.  Decl. of Dara Tabesh, ECF No. 102 ¶¶ 3-6.  The Court then granted Zwerling's request to deem the SAC filed as of April 4, 2022.  ECF No. 104.

Case No.: 5:19-cv-03622-EJD
ORDER GRANTING MOT. TO DISMISS

United States District Court
Northern District of California

9(b) requires the party alleging fraud to plead "the who, what, when, where, and how" of the misconduct. *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). For claims based on fraudulent omissions, the Rule 9(b) standard is "somewhat relaxed," *Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1122 (C.D. Cal. 2021) (quoting *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1325 (C.D. Cal. 2013)), but a plaintiff must still "describe the content of the omission and where the omitted information should or could have been revealed." *Browning v. Am. Honda Motor Co.*, 549 F. Supp. 3d 996, 1012 (N.D. Cal. 2021) (quoting *Sims v. Kia Motors Am., Inc.*, No. SACV 13-1791-AG (DFMx), 2014 WL 12558251, at *4 (C.D. Cal. Oct. 8, 2014)).

## III.    DISCUSSION

### A.    Scope of Leave to Amend

When the Court issued its Prior Order, it granted leave to amend "to address the deficiencies described." Prior Order at 18. Ford argues that Zwerling therefore did not have leave to add new claims and that his DTPA claim must be dismissed.[3] Mot. at 16-17. In response, Zwerling argues that he had leave to add Texas claims because the Prior Order determined, for the first time in this matter, that Texas law applied. Opp'n to Mot. ("Opp'n"), ECF No. 112, at 20-21.

Ford is correct that courts in this district have determined plaintiffs may not add new claims when a previous order granted leave to amend to correct specific deficiencies. *See Cover v. Windsor Surry Co.*, No. 14-cv-05262-WHO, 2016 WL 3421361, at *3 (N.D. Cal. June 22, 2016); *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010); *see also Jameson Beach Prop. Owners Ass'n v. United States*, No. 2:13-cv-01025-MCE-AC, 2014 WL 4925253, at *4 (E.D. Cal. Sept. 29, 2014). However, "the Federal Rules call for liberal amendment of pleadings before trial." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574-75 (9th Cir. 2020). Dismissing Zwerling's claims as Ford suggests would be in tension with the policy of the Federal Rules of Civil Procedure, so the Court construes Zwerling's

---

[3] The Court observes that Zwerling's breach of express warranty claim was not pleaded in the FAC, although Ford does not argue it should be dismissed on the ground that it is a new claim.

Case No.: 5:19-cv-03622-EJD
ORDER GRANTING MOT. TO DISMISS

4

United States District Court
Northern District of California

1   opposition as a belated motion for leave to amend.  *See Andrew W. v. Menlo Park City Sch. Dist.*,

2   No. C-10-0292 MMC, 2010 WL 3001216, at *2 (N.D. Cal. July 29, 2010).

3      In these circumstances, the Court finds that leave to amend is appropriate.  Zwerling did

4   not have the benefit of the Court's choice-of-law ruling when he made earlier amendments to his

5   complaint, and the new claims that he added to the SAC are based on the same facts as his fraud

6   by omission and MMWA claims in the FAC.  *See Santana v. Holiday Inns, Inc.*, 686 F.2d 736,

7   739 (9th Cir. 1982)) ("Once the defendant is in court on a claim arising out of a particular

8   transaction or set of facts, he is not prejudiced if another claim, arising out of the same facts, is

9   added.").  Accordingly, the Court finds that Zwerling properly added his DTPA claim to the SAC

10   and will not dismiss that claim on the basis that it exceeds the scope of leave to amend.

11      **B.**    **Choice of Law**

12      In its Prior Order, the Court found that Texas law governs Zwerling's claims.  Prior Order

13   at 7-13.  Neither party contests that finding, so the Court applies Texas law.

14      **C.**    **Statute of Limitations**

15      A court may dismiss a claim as time-barred "[i]f the running of the statute [of limitations]

16   is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th

17   Cir. 1980).  Here, the relevant limitations periods are four years for Zwerling's warranty, fraud by

18   omission, and MMWA claims, and two years for his DTPA claim.  *Stevens v. Ford Motor Co.*,

19   No. 2:18-CV-456, 2020 WL 12573279, at *8 nn.4 & 5 (S.D. Tex. Nov. 2, 2020) (citations

20   omitted).

21      Under Texas law, "[c]auses of action accrue and statutes of limitations begin to run when

22   facts come into existence that authorize a claimant to seek a judicial remedy." *Exxon Corp. v.*

23   *Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011).  This means that "a cause of

24   action generally accrues when a wrongful act causes some legal injury, even if the fact of injury is

25   not discovered until later, and even if all resulting damages have not yet occurred." *Valdez v.*

26   *Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015).

27      Applying this standard, the Court finds that Zwerling's causes of action for fraud by

28

United States District Court
Northern District of California

1    omission and violation of the DTPA, both relating to purported omissions and misrepresentations

2    about Zwerling's vehicle, accrued on October 26, 2013, when Zwerling purchased the vehicle at

3    issue in this case. *See* SAC ¶ 5. Zwerling's injury occurred then because he allegedly would not

4    have made that purchase if Ford had disclosed the Exhaust System Defect. *Id.* ¶ 7. Consequently,

5    Zwerling was required to file suit by October 26, 2017 for his fraud by omission claim, and by

6    October 26, 2015 for his DTPA claim. Zwerling filed his initial complaint on May 6, 2019. *See*

7    Compl. Therefore, his fraud by omission and DTPA claims are time-barred unless some form of

8    tolling applies.

9          For the causes of action sounding in breach of warranty, the date upon which a claim

10   accrues depends on the type of warranty. A warranty for repair services is breached, and therefore

11   the claim accrues, when further repairs are refused. *PPG Indus., Inc. v. JMB/Houston Ctrs.*

12   *Partners Ltd. P'ship*, 146 S.W.3d 79, 96 (Tex. 2004) (citing *Austin Co. v. Vaughn Building Corp.*,

13   643 S.W.2d 113, 116 (Tex. 1982)). On the other hand, for a warranty as to the goods themselves,

14   claims accrue upon delivery. *Id.* (citing *Smith v. Fairbanks, Morse & Co.*, 102 S.W. 908, 909

15   (Tex. 1907)); *see also* Tex. Bus. & Com. Code § 2.725(b) ("A cause of action accrues when the

16   breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of

17   warranty occurs when tender of delivery is made . . . .").

18         Zwerling has alleged claims for both breaches of a repair warranty and of a warranty for

19   goods. Zwerling's express warranty claim is premised on the allegations that he was charged for

20   refills of diesel exhaust fluid, something which he contends Ford was obligated to pay for under

21   the terms of his warranty. Opp'n at 22. The last such instance occurred on November 5, 2018,

22   SAC ¶ 39, meaning he was required to file suit by November 5, 2022. Zwerling filed his

23   complaint before that date, so his express warranty claim is not time-barred. Likewise, his

24   MMWA claim, to the extent it is based on breach of express warranty, is not time-barred.

25   However, to the extent Zwerling's MMWA claim is based on breach of the implied warranty of

26   merchantability, it is a claim based on a warranty for goods. *See id.* ¶¶ 90-91. Thus, the

27   limitations period began running when Zwerling purchased his vehicle on October 26, 2013, *id.*

28

United States District Court
Northern District of California

¶ 5, and he was required to file suit by October 26, 2017.  He did not, so the claim is time-barred
absent tolling.

### 1.    Discovery Rule

Zwerling first argues that the discovery rule tolls the statute of limitations for his fraud by
omission, DTPA, and express warranty claims.  Opp'n at 14-15, 21-23.  For the discovery rule to
apply, the injury must be (1) inherently undiscoverable and (2) objectively verifiable.  *Barker v.
Eckman*, 213 S.W.3d 306, 312 (Tex. 2006).

The discovery rule generally does not apply to breaches of warranty because "[a] breach of
warranty occurs when tender of delivery is made, except that where a warranty explicitly extends
to future performance of the goods . . . the cause of action accrues when the breach is or should
have been discovered."  Tex. Bus. & Com. Code § 2.725(b); *see also Winters v. Diamond
Shamrock Chem. Co.*, 941 F. Supp. 617, 623 (E.D. Tex. 1996) ("[A]ctions based on breach of
warranty are not subject to the discovery rule unless future performance was contemplated under
the contract." (citing *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 546 (Tex.
1986))), *aff'd*, 149 F.3d 387 (5th Cir. 1998).  Where the warranty is one that creates "an obligation
to make repairs in the future rather than to [guarantee] future compliance by the goods with some
performance standard," the future performance exception does not apply.  *Muss v. Mercedes-Benz
of N. Am., Inc.*, 734 S.W.2d 155, 158 (Tex. App. 1987).  The written warranty here is just that.  It
explicitly states, "[t]his warranty does not mean that each Ford vehicle is defect free," and it also
provides that "[t]he remedy under this written warranty . . . is limited to repair, replacement, or
adjustment of defective parts."  SAC, Ex. A at 9.  As a result, the discovery rule cannot toll the
limitations period for Zwerling's express warranty claim.[4]

--------

[4] In his opposition, Zwerling does not argue that the discovery rule tolls his MMWA claim and
therefore waives the argument.  *See Jones v. Regents of Univ. of Cal.*, No. 21-cv-07844-JSW,
2022 WL 1137089, at *2 (N.D. Cal. Apr. 18, 2022) (holding that "litigants waive arguments by
failing to raise them in an opposition to a motion to dismiss") (citation omitted).  But even if he
had, such argument would make no difference.  To the extent his MMWA claim is based on
express warranty, the Court's analysis regarding his breach of express warranty claim applies
equally.  And so far as the MMWA claim is based on breach of an implied warranty, Texas law
holds that the future performance exception cannot apply to implied warranties.  *Safeway*, 710
S.W.2d at 546.

United States District Court
Northern District of California

1    The fraud by omission and DTPA claims are, however, subject to the discovery rule. *See*

2    *Gibson v. Ellis*, 58 S.W.3d 818, 823 (Tex. App. 2001) ("The discovery rule applies . . . [to] fraud

3    claims."); *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 584 (W.D. Tex.

4    2019) ("[T]he DTPA has codified the discovery rule into its limitations provision."). As the Court

5    previously found, Zwerling's allegations show that he would not have become aware of the

6    Exhaust System Defect, and therefore would not have become aware of Ford's alleged omissions

7    and misrepresentations, until October or November 2018. Prior Order at 16-17. The Court

8    reached that conclusion based on the repair history of Zwerling's vehicle, and that history remains

9    largely unchanged between the FAC and SAC. All allegations of repair history from the FAC

10   remain—Zwerling only adds new allegations of routine maintenance and of one instance, in

11   October 2018, relating to a concern about the exhaust system. SAC ¶¶ 29, 31-34, 36, 40. None of

12   these new allegations alters the Court's prior conclusion. Routine maintenance does not suggest to

13   a vehicle's owner that there may be a defect, and the October 2018 concern is consistent with the

14   Court's conclusion in the Prior Order.

15   Ford offers two arguments for why the Court should depart from its earlier conclusion.

16   First, it argues that in the Prior Order, the Court addressed an "Engine Defect" while Zwerling

17   now pleads an "Exhaust System Defect." Reply, ECF No. 114, at 7 n.3. The only difference

18   between the two is the label that Zwerling chose to use in his complaint, and the substantive

19   allegations describing the defect are largely the same. So, the analysis from the Prior Order still

20   applies with the same force. Second, Ford argues that there was a change in Texas law regarding

21   the discovery rule when the Texas Supreme Court described the rule as a "narrow exception"

22   applying only in "exceptional cases." *Id.* (citing *Berry v. Berry*, 646 S.W.3d 516, 524 (Tex.

23   2022)). The problem with this second argument is that this has long been the case under Texas

24   law, and Ford already argued that the discovery rule is "a very limited exception" when seeking to

25   dismiss the FAC. Mot. to Dismiss FAC at 17 (quoting *Wagner & Brown, Ltd. v. Horwood*, 58

26   S.W.3d 732, 734 (Tex. 2001)). And in any case, *Berry* rejected application of the discovery rule

27   in a situation involving constructive notice from property records, factual circumstances which are

28

United States District Court
Northern District of California

1    very different from those here.  646 S.W.3d at 524-27.

2           As such, the Court finds that Zwerling's fraud by omission and DTPA claims were tolled

3    until October or November 2018.  Because Zwerling filed his original complaint in May 2019, his

4    fraud by omission claim falls comfortably within the four-year statute of limitations.  *See* Compl.

5    ¶¶ 33-74.  His DTPA claim also falls within the two-year statute.

6           Ford makes a final argument that the DTPA claim is nonetheless time-barred because it

7    does not relate back to Zwerling's original claims, pointing to the difference between the Engine

8    Defect that was originally pleaded and the Exhaust System Defect pleaded now.  Mot. at 20 n.8.

9    Although Zwerling does not directly argue the relation back issue, he argues that the Engine

10   Defect and Exhaust System Defect are effectively the same.  Opp'n at 6 n.3.  As the Court

11   explained above, it agrees, so Ford's argument regarding the DTPA is unavailing.

12          In conclusion, the Court finds that the discovery rule tolls the statute of limitations for

13   Zwerling's fraud by omission and DTPA claims, and as a result of that tolling, both claims are

14   timely.  The discovery rule does not apply to Zwerling's express warranty claims, so while at least

15   one instance of alleged breach is timely, older instances may be time-barred.[5]

16                        **2.       Fraudulent Concealment**

17          Zwerling next argues that the doctrine of fraudulent concealment tolls the statute of

18   limitations as to his fraud by omission, express warranty, and MMWA claims.  Opp'n at 15-16,

19   22-23, 25.  Fraudulent concealment requires, at a minimum, "(1) actual knowledge of the wrong,

20   (2) a duty to disclose the wrong, and (3) a fixed purpose to conceal the wrong."  *Adams v. Nissan*

21   *N. Am., Inc.*, 395 F. Supp. 3d 838, 847 (S.D. Tex. 2018) (citation omitted).  Just as in its Prior

22   Order, the Court finds that Zwerling has not adequately pled a duty to disclose.  Prior Order at 15-

23   16.  Texas law creates a duty to disclose "only in limited circumstances where there is a fiduciary

24   or confidential relationship."  *Adams*, 396 F. Supp. 3d at 849.  There are no allegations of such a

25

26   _____

27   [5] Even if the breach of express warranty claim does not relate back, it would be timely with
     respect to the allegation that Ford wrongfully charged Zwerling for a repair on November 5, 2018.
     Because the parties did not brief relation back as to Zwerling's express warranty claim, the Court
28   expresses no view on that issue.

United States District Court
Northern District of California

1   relationship between Zwerling and Ford, so there is no duty to disclose.

2          Zwerling does not take issue with the conclusion that no fiduciary or confidential

3   relationship exists, but rather he contends that a duty to disclose can arise under other

4   circumstances identified by Section 551 of the Restatement (Second) of Torts.  Opp'n at 7 & n.4.

5   Namely, he argues that a duty to disclose also arises (a) where a person voluntarily discloses

6   information, the whole truth must be disclosed; (b) when a person makes a representation and new

7   information makes that earlier misrepresentation misleading or untrue; or (c) when a person makes

8   a partial disclosure and conveys a false impression.  *In re Enron Corp. Sec., Derivative &*

9   *"ERISA" Litig.*, 540 F. Supp. 2d 759, 771 (S.D. Tex. 2007) (citations omitted).

10         As the Court previously observed, the issue of whether a duty can arise under these three

11  categories is not settled under Texas law.  Prior Order at 15-16.  But it need not resolve that issue

12  now because, like before, the complaint does not contain factual allegations demonstrating that

13  any of the three categories applies.  *Id.* at 16 ("Nor does [Zwerling's] opposition cite any factual

14  allegations in the FAC that demonstrate a duty to disclose in the other circumstances described in

15  the Restatement of Torts.").  The SAC contains only passing mention of any representations by

16  Ford.  Specifically, Zwerling alleges that he "accessed Ford's website" and reviewed unspecified

17  "written brochures" before purchasing his vehicle.  SAC ¶ 7.  He also alleges Ford "represent[ed]

18  that its Super Duty Trucks were of high quality," directed its dealers to "tout the supposedly

19  superior attributes of the 6.7L Engine" in those trucks, and "conceal[ed] its knowledge of the

20  defective 6.7L Engine in its marketing materials."  *Id.* ¶ 79.  Finally, he alleges that Ford "directly

21  communicat[ed] its representation[s] and omissions to him via the Ford website, brochures, dealer

22  website, technical specifications, and advertisements prior to purchase."  *Id.* ¶ 103.  These

23  references, which appear to indiscriminately draw upon the entirety of Ford's marketing materials,

24  are too vague to establish what representations were made, and whether those representations

25  triggered a duty to disclose under any of the three categories identified above.  Consequently, the

26  Court finds that fraudulent concealment does not toll the statute for any of Zwerling's claims.

27

28

1
2
3
4
5
6
7
8
9
10
11
12

United States District Court
Northern District of California

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 3.      Class Action Tolling

Finally, Zwerling argues that all of his claims were tolled pending a ruling on class certification in *Gamboa v. Ford Motor Company*, No. 2:18-cv-10106-DPH-KGA (E.D. Mich.). Opp'n at 16, 22-23, 25.  The parties dispute whether Texas law permits class action tolling, but even if the doctrine were available, it does not apply here.  *Gamboa* involved claims regarding Ford's alleged use of defeat devices in its diesel vehicles to circumvent emissions testing. *Gamboa* Compl., No. 2:18-cv-10106-DPH-KGA, ECF No. 1 ¶¶ 1-22.  Those claims are wholly distinct from the claims of defect in this action, so the class action tolling doctrine cannot apply.

*        *        *

In sum, Zwerling's MMWA claim is time-barred to the extent it is based on breach of implied warranty.  His remaining three claims, as well as his MMWA claim to the extent it is based on breach of express warranty, are timely.

### D.      Failure to State a Claim

#### 1.      Breach of Express Warranty

Zwerling alleges that Ford breached its express warranty because it charged him for refilling diesel exhaust fluid and other routine maintenance.  SAC ¶¶ 29, 31-34, 36, 39; Opp'n at 22.  However, the terms of Zwerling's warranty state that the warranty "does not cover: (1) parts and labor needed to maintain the vehicle; and (2) the replacement of parts due to normal wear and tear." SAC, Ex. A at 13.  It then further provides examples of maintenance and normal wear, including "oils, lubricants, *other fluids*." *Id.* (emphasis added); *see also id.* at 21, 29 (same exclusions apply to federal and California emissions warranties).  The replacement of diesel exhaust *fluid* plainly falls within this exclusion, so Ford did not breach any express warranty by charging for those refills.  The Court thus dismisses the breach of express warranty claim.

#### 2.      Fraud by Omission

Duty to disclose is one of the elements of a claim for fraud by omission.  *Parker v. Spotify USA, Inc.*, 569 F. Supp. 3d 519, 536 (W.D. Tex. 2021).  The Court found above that Zwerling failed to allege a duty to disclose, so it dismisses his fraud by omission claim.

Case No.: 5:19-cv-03622-EJD
ORDER GRANTING MOT. TO DISMISS

11

United States District Court
Northern District of California

### 3.    MMWA

"[C]laims under the Magnuson-Moss Act 'stand or fall with . . . express and implied warranty claims under state law.'" *Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 802 (N.D. Cal. 2019) (quoting *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008)). Because Zwerling's express warranty claim is dismissed for failure to state a claim, and any implied warranty claim is time-barred, the Court dismisses his MMWA claim as well.

### 4.    DTPA

To state a claim for violation of the DTPA, a plaintiff must show that (1) she was a consumer; (2) the defendant violated a specific "laundry-list" provision of the DTPA or engaged in an unconscionable action or course of action; and (3) the laundry-list violation or unconscionable action caused her injury. *Bus. Staffing, Inc. v. Jackson Hot Oil Serv.*, 401 S.W.3d 224, 236 (Tex. App. 2012). Here, Zwerling alleges two laundry-list violations: that Ford falsely represented that Zwerling's vehicle had particular characteristics and that Ford falsely represented the vehicle was of a particular quality. SAC ¶ 105; Tex. Bus. & Com. Code §§ 17.46(b)(5), (7). These allegations sound in fraud, so his DTPA claim must meet the particularity requirement of Rule 9(b). *See Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009). Zwerling's vague allegations about Ford's representations fail to provide "the who, what, when, where, and how" of the alleged false representations, so the Court dismisses his claim. *See Vess*, 317 F.3d at 1106.

## IV.    CONCLUSION

For the reasons given above, the Court GRANTS Ford's motion to dismiss the entirety of Zwerling's SAC. Zwerling's fraud by omission claim, and his MMWA claim to the extent it is based on breach of implied warranty, suffer from the same defects identified in the Prior Order. The Court finds that further leave to amend would therefore be futile, so the dismissal of those claims is WITH PREJUDICE. As to Zwerling's new claims for breach of express warranty and violation of the DTPA, and his MMWA claim to the extent it is based on breach of express warranty, the Court GRANTS leave to amend because it cannot be sure that amendment would be

1    futile.  Zwerling shall file any amended complaint by **May 1, 2023**.

2         **IT IS SO ORDERED.**

3    Dated: April 10, 2023

5    EDWARD J. DAVILA
6    United States District Judge